IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ROSALIND J. ANDRE                                                               PLAINTIFF

v.                              CIVIL NO. 10-5078

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                         DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Rosalind J. Andre brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Title II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I. Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on May 29, 2007, alleging an inability to work since April 14, 1999[1], due to an anxiety disorder, depression, arthritis, scoliosis, carpal tunnel syndrome and a urinary tract disorder. (Tr. 114-116, 119-122, 218). For DIB purposes, Plaintiff maintained insured status through March 31, 2008. (Tr. 55).

---

[1] At the administrative hearing, Plaintiff through her counsel, amended her alleged onset date to August 23, 2002. (Tr. 20). The Court notes that in Plaintiff's pre-hearing memorandum provided to the ALJ prior to the administrative hearing, Plaintiff indicated her alleged onset date was July 2007. (Tr. 218).

An administrative hearing was held on February 5, 2009, at which Plaintiff appeared with counsel and testified. (Tr. 10-43).

By written decision dated June 2, 2009, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 57). Specifically, the ALJ found Plaintiff had the following severe impairments: a back disorder, carpal tunnel syndrome and a mood disorder. However, after reviewing all of the evidence presented, he determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 58). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform:

> light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can only lift and carry 20 pounds occasionally and 10 pounds frequently; she can sit for about 6 hours during an 8 hour workday; she can stand and/or walk for about 6 hours during an 8 hour workday; she cannot perform frequent, rapid, repetitive flexion and extension of her wrists; and she can only perform unskilled work where interpersonal contact is incidental to the work performed.

(Tr. 59). With the help of a vocational expert, the ALJ determined Plaintiff could perform other work as a hardware assembler, a hospital food service worker and a machine tender. (Tr. 63).

Plaintiff then requested a review of the hearing decision by the Appeals Council. (Tr. 237). On January 22, 2010, the Appeals Council granted Plaintiff's request to review the ALJ's decision. (Tr. 65-68). The Appeals Council notified both Plaintiff and her representative that they could submit additional evidence for review within thirty days. No evidence or comments were received or considered by the Appeals Council. By written decision dated March 11, 2010, the Appeals Council found Plaintiff had the following severe impairments: a back disorder,

carpal tunnel syndrome and a mood disorder. (Tr. 4-8). However, after reviewing all of the evidence presented, the Appeals Council determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 6). The Appeals Council found Plaintiff retained the residual functional capacity (RFC) to perform:

> a reduced range of light work including lifting, carrying, pushing and pulling 20 pounds occasionally and 10 pounds frequently, as well as sitting, standing or walking 6 hours each in an 8 hour work day. In addition, the claimant cannot perform frequent, rapid, repetitive flexion and extension of her wrists and she can only perform unskilled work where interpersonal contact is incidental to the work performed.

(Tr. 6). The Appeals Council found that based on the vocational expert's testimony at the February 5, 2009 hearing, Plaintiff could perform other light work as a toy assembler, a machine tender and a housekeeper. (Tr. 5-6).

Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9, 10).

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the

Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. McNamara v. Astrue, 590 F.3d 607, 610 (8th Cir. 2010).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only

if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

### III.  Discussion:

After reviewing the entire evidence of record, the undersigned is troubled by the Appeals Council's determination that Plaintiff can perform other work as a toy assembler, a machine tender and a housekeeper. As set forth above, once the Appeals Council determined Plaintiff unable to perform her past relevant work, the burden shifted to the Defendant to prove Plaintiff was able to perform other work in the national economy. Cox v. Astrue, 495 F.3d 614, 617 (8th Cir. 2007), 20 C.F.R. § 404.1520.

In this case, the Appeals Council granted review of the ALJ's decision because it determined that the vocational expert's testimony indicating that an individual who maintained the RFC to perform light work with limitations could perform work as a hardware assembler, hospital food service worker and machine tender conflicted with the Dictionary of Occupational Titles (DOT) which defined these jobs as medium level work.[2] After finding Plaintiff maintained the RFC to perform light work with limitations, the Appeals Council relied upon the vocational expert's testimony that Plaintiff would be able to perform other work as a toy assembler (DOT Code 731.687-034), a machine tender (DOT Code 556.685-022), and a housekeeper (DOT Code 323.687-014). (Tr. 5, 40-41).

---

[2] The Appeals Council found that the vocational expert testified that his findings were consistent with the DOT and identified the jobs as hardware assembler (DOT Code 762.684-046), hospital food service worker (DOT Code 319.677-014) and machine tender (DOT Code 559.685-078) as light work; when in fact the DOT classified this work as medium. (Tr. 5). A review of the hearing transcript reveals that the vocational expert testified that a hypothetical individual would be able to perform the above referenced jobs after listening to a hypothetical question pertaining to an individual being able to perform medium work. (Tr. 39-40). The ALJ, in his June 2, 2009 administrative opinion, classified the above jobs as light and not medium work. (Tr. 63).

A review of the medical evidence reveals that Plaintiff has been diagnosed with carpal tunnel syndrome and the only RFC assessment of record and used by both the ALJ and the Appeals Council restricted Plaintiff from any activities that would require repetitive flexion and extension of the wrists. (Tr. 331, 347). Both the ALJ and the Appeals Council found the evidence of record supported including the limitation of no frequent, rapid, repetitive flexion and extension of her wrists when they determined Plaintiff's RFC. The hypothetical question proposed to the vocational expert at the February of 2009 administrative hearing also included this limitation. (Tr. 40) The vocational expert testified that even with this limitation Plaintiff would be able to perform the jobs of toy assembler, machine tender and housekeeper identified above, and that his testimony was consistent with the DOT. (Tr. 43). However, the DOT indicates that a toy assembler and machine tender require the ability to frequently reach, handle and finger and the job of housekeeper requires the ability to frequently reach and handle and occasionally finger.[3]  See DICOT §§ 731.687-034, 556.685-022, 323.687-014 at www.westlaw.com. "[W]hen [vocational expert] testimony conflicts with the DOT, the DOT controls when the DOT classifications are not rebutted" Jones v. Astrue, 619 F.3d 963, 978 (8th Cir. 2010) quoting Dobbins v. Barnhart, 182 Fed.Appx. 618, 619 (8th Cir.2006). Due to the inconsistency between the vocational expert's testimony and the DOT, the Court cannot find substantial evidence showing Plaintiff could perform other work as a toy assembler, machine tender or housekeeper. Accordingly, the Court believes remand is necessary so that the ALJ can

---

[3] According to the Regulations, handling is defined as seizing, holding, grasping, turning or otherwise working primarily with the whole hand or hands. S.S.R. No. 85-15, 1985 WL 56857, *7 (1985). Reaching is defined as extending the hands and arms in any direction. Id.

more fully and fairly develop the record regarding Plaintiff's ability to perform other work in the national economy.

The Court further notes that the medical evidence is also somewhat ambiguous with regard to Plaintiff's mental limitations and her mental RFC. On remand the ALJ is directed to address interrogatories to Plaintiff's treating and/or examining physicians asking these physicians to review Plaintiff's medical records and complete a mental RFC assessment regarding Plaintiff's capabilities during the time period in question.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

**IV. Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 8th day of April 2011.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE